**Max P. ROYBAL, Plaintiff–Appellant,**

v.

**STATE OF TENNESSEE DISTRICT ATTORNEY GENERAL'S OFFICE FOR MONTGOMERY COUNTY; John W. Carey, Jr., District Attorney**

---

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

General for Montgomery County; Arthur Beiber, Assistant District Attorney General for Montgomery County, Defendants–Appellees.

No. 03–5640.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2003.

Max P. Roybal, pro se, Clarksville, TN, for Plaintiff–Appellant.

Roger A. Maness, Marks, Shell & Maness, Clarksville, TN, for Defendant–Appellee.

Before BOGGS, Chief Judge; BATCHELDER and SUTTON, Circuit Judges.

*ORDER*

Max P. Roybal, a Tennessee resident, appeals pro se a district court order dismissing a civil rights complaint he filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Roybal filed this complaint against a District Attorney General's Office, a District Attorney General, and an Assistant District Attorney General, stating that defendants were guilty of maliciously prosecuting him for a first degree murder charge, of which he had been acquitted. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2), on grounds that the defendants were immune. Roybal reasserts his claims on appeal. Defendants, who did not participate below, have informed the court that they will not be filing a brief.

Upon review, we conclude that this complaint was properly dismissed pursuant to 28 U.S.C. § 1915(e)(2). First, the district court properly concluded that the claims against the district attorneys general in their individual capacity failed because the defendants were entitled to prosecutorial immunity. *Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Second, we need not reach the question of whether the Montgomery County District Attorney General's Office enjoys sovereign immunity, because the plaintiff has not raised any custom or policy of the Office that permits prosecution of cases without probable cause. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Therefore, the dismissal of this complaint is affirmed for the reasons stated by

the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.